UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROY GAINES,

                Plaintiff,

      -against-

ARMOR HEALTH CARE, INC.,

                Defendant.
----------------------------------X

ORDER
12-CV-4666(JS)(ETB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ NOV 02 2012 ★

LONG ISLAND OFFICE

APPEARANCES
For Plaintiff:    Roy Gaines, pro se
                   12-R-2768
                   Ulster Correctional Facility
                   P.O. Box 800
                   Napanoch, New York 12458

For Defendant:    No Appearance

SEYBERT, District Judge:

        On September 14, 2012, incarcerated pro se plaintiff Roy Gaines ("Plaintiff") filed a civil rights Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the defendant, Armor Health Care, Inc. ("Defendant"), complaining that he was served "different kinds of seafood" on several occasions while incarcerated at Nassau County Correctional Center (the "NCCC") notwithstanding the fact that he had notified NCCC officials upon his entry to NCCC that he is allergic to seafood. As a result, Plaintiff claims to have skipped several meals and accordingly seeks to recover three million dollars ($3 million) for his "pain and suffering."

        Plaintiff also filed an unsigned in forma pauperis application with his Complaint. Accordingly, the Court's Pro Se

Office sent Plaintiff a Notice of Deficiency on September 18, 2012 instructing Plaintiff to sign and return the enclosed in forma pauperis application if Plaintiff intended to proceed with his case within fourteen (14) days. Plaintiff timely filed a signed in forma pauperis application on October 3, 2012.

Upon review of Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to file his Complaint without prepayment of the filing fees. Accordingly, the application to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Court finds that Plaintiff has failed to allege a plausible Section 1983 claim against Defendant. Accordingly, the Complaint is DISMISSED without prejudice and with leave to pursue any valid claims Plaintiff may have in state court. The Clerk of the Court is directed to close this case.

## BACKGROUND

As noted above, Plaintiff's brief, handwritten Complaint submitted on the Court's Section 1983 complaint form alleges in its entirety:

> Upon entering the Nassau County Facility on 2.14.12 I let the medical staff know that I was allergic to sefood [sic]. When I arrived the kitchen was closed and several days out [of] the week we were getting diffrent [sic] kinds of seafood. On the days it was served I was not receiving anything to eat so I would

>go without eating. All because the medical
>staff did not put it in the computer.

(Compl. ¶ IV.)

Plaintiff has left blank the section of the Complaint form that calls for a description of any claimed injuries. (Id. ¶ IV.A.) Notwithstanding that Plaintiff does not allege any injuries, he seeks to recover three million dollars ($3 million) for his unspecified "pain and suffering." (Id. ¶ V.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se

plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 173 L. Ed. 2d 868 (2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222

F.3d 99, 112 (2d Cir. 2000). However, if amendment of the complaint would not cure the substantive defects of the claim, leave to amend should be denied. See id.

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983; see Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

In addition, a Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)); see also Pettus v. Morgenthau, 554 F.3d 293, 300 (2d Cir. 2009). A complaint based upon a violation under Section 1983 that

5

does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011).

Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Here, Plaintiff purports to claim a violation of his Eighth Amendment Rights. With these standards in mind, the Court considers Plaintiff's claim.

Plaintiff names Armor Health Care, Inc., as the sole defendant but does not include any factual allegations against it. The Court's research reveals that Armor Correctional Health, Inc. is a private company contracted to perform medical services for inmates at the Nassau County Correctional Center. See, e.g., Briel v. Sposato, No. 12-CV-2868, 2012 WL 3697806, at *5 (E.D.N.Y. Aug. 21, 2012) (citing Cofield v. Armor Corr. Health, No. 12-CV-1394, 2012 WL 1222326, at *2 (E.D.N.Y. Apr. 11, 2012)). "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." Filarsky v. Delia, --- U.S. ----, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). Thus, a private employer acting under color of state law may be held liable under Section 1983 for the acts of its employees where the unconstitutional act was authorized or undertaken pursuant to the official policy of the private entity employer and the employer was

jointly engaged with state officials or its conduct is chargeable to the state. Cofield, 2012 WL 1222326 at *2, (citing White v. Moylan, 554 F. Supp. 2d 263, 268 (D. Conn. 2008); Martin v. Lociccero, 917 F. Supp. 178, 184 (W.D.N.Y. 1995)) (add'l citation omitted).

Here, as is readily apparent, Plaintiff has not alleged any facts to support a plausible Section 1983 claim against Armor Health Care, Inc. Moreover, Plaintiff has not alleged the direct participation of any individual defendant in any of the wrongdoing alleged in his Complaint. Rather, Plaintiff names, as the sole Defendant, Armor Health Care, Inc. Accordingly, because there is no respondeat superior for Section 1983 claims, Minneci v. Pollard, --- U.S. ----, 132 S. Ct. 617, 625, 181 L. Ed. 2d 606 (2012) (analyzing Bivens claim (citing Iqbal, 556 U.S. at 676)); see also Southerland v. City of New York, 681 F.3d 122, 137 (2d Cir. 2012), the Complaint fails to state a plausible Section 1983 claim. Wholly absent from the Complaint are any allegations sufficient for the Court to construe that Plaintiff's constitutional rights were violated pursuant to some policy, practice, or custom of the Defendant as is required by Monell v. Department of Social Services., 436 U.S. 658, 691-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), and its progeny. Accordingly, Plaintiff's Complaint is sua sponte dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

IV. Leave to Amend

Although "[t]he court should freely give leave [to amend] when justice so requires," FED. R. CIV. P. 15(a)(2), "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); see also Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008). Since any amendment to Plaintiff's Complaint would be futile because, inter alia, his allegations that he was provided meals that contained seafood on "several days out of the week" while incarcerated at NCCC does not give rise to a constitutional deprivation, his Complaint is DISMISSED without leave to amend.

"A convicted prisoner's claim of deliberate indifference to his medical needs by those overseeing his care is analyzed under the Eighth Amendment because the right the plaintiff seeks to vindicate arises from the Eighth Amendment's prohibition of 'cruel and unusual punishment.'" Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009) (quoting Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996)). However, "a person detained prior to conviction receives protection against mistreatment at the hands of prison officials

under the Due Process Clause of the Fifth Amendment if the pretrial detainee is held in federal custody, or the Due Process Clause of the Fourteenth Amendment if held in state custody." Id. Though Plaintiff does not allege whether he is a pre-trial detainee or post-conviction, the distinction is of no moment because, regardless of whether Plaintiff is a convicted prisoner or pretrial detainee, "the standard for deliberate indifference is the same under the Due Process Clause of the Fourteenth Amendment [or Fifth Amendment] as it is under the Eighth Amendment." Id. at 70-71, 72; see also Cuoco v. Moritsugu, 222 F.3d at 106.

A claim for deliberate indifference has both an objective and subjective component. See Collazo v. Pagano, 656 F.3d 131, 135 (2d Cir. 2011). Objectively, "the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)). In order to determine whether an alleged deprivation was objectively serious, the Court must inquire (1) whether the prison officials acted reasonably in response to the inmate's needs and (2) what harm, if any, the inadequacy in the officials' response to the inmate's need has caused or will likely cause the inmate. Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). "Subjectively, the official must have acted with the requisite

9

state of mind, the 'equivalent of criminal recklessness,'" Collazo, 656 F.3d at 135 (quoting Hathaway, 99 F.3d at 553); see also Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (holding that a deliberate indifference claim "mandate[s] inquiry into a prison official's state of mind."), i.e., the official must have "act[ed] or fail[ed] to act while actually aware of a substantial risk that serious inmate harm will result." Salahuddin, 467 F.3d at 280; see also Jabbar v. Fischer, 683 F.3d 54, 57 (2d Cir. 2012) ("The prison official must know of, and disregard, an excessive risk to inmate health or safety."); Caiozzo, 581 F.3d at 72 (holding that the plaintiff must establish that the official "knew of and disregarded an excessive risk to [the plaintiff's] health or safety and . . . was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." (alterations and quotations omitted)). Generally, "mere allegations of negligen[ce] . . . do not state a claim of deliberate indifference." Hathaway, 99 F.3d at 553; see also Jabbar, 683 F.3d at 57 ("[D]eliberate indifference requires more than mere negligence." (Internal quotation marks and citation omitted)).

Although "[p]risons have an affirmative duty to provide their inmates with nutritionally adequate food . . . [,] assuming a diet's nutritional adequacy, prison officials have the discretion

10

to control its contents." Word v. Croce, 169 F. Supp. 2d 219, 226 (S.D.N.Y. 2001). "Absent religious or medically peculiar circumstances, a prisoner does not have a right to a specialized diet while incarcerated, vegetarian or otherwise." Id. (Internal quotation marks, alterations, and citation omitted). "Preference for certain foods and dislike of others cannot be equated with a constitutional guarantee to a custom-tailored menu." Id.; see, e.g., Collado v. Sposato, No. 12-CV-2151, 2012 WL 3113837 (E.D.N.Y. July 24, 2012) (sua sponte dismissing a Section 1983 claim purporting to allege an Eighth Amendment deprivation resulting from serving a meal with onions and seafood to an inmate allergic to these ingredients).

However, "[t]he denial of a medically proscribed diet may constitute an Eighth Amendment violation under certain circumstances." Tafari v. Weinstock, No. 07-CV-0693, 2010 WL 3420424, at *7 (W.D.N.Y. Aug. 27, 2010); see, e.g., LaBounty v. Gomez, No. 94-CV-3360, 1998 WL 214774, at *2 (S.D.N.Y. May 1, 1998), aff'd, 175 F.3d 1008 (2d Cir. Mar. 26, 1999) (denial of medically required low sodium diet for four months). However, "[m]ere negligence or inadvertent failure to provide a medically necessary diet is not a constitutional violation." Abdush-Shahid v. Coughlin, 933 F. Supp. 168, 180 (N.D.N.Y. 1996). "[T]o establish a valid claim that the denial of . . . a medically proscribed diet . . . constitutes an Eighth Amendment violation,

11

one must establish that there was a sufficiently serious condition that resulted from the food not being received." Tafari, 2010 WL 3420424, at *7 (internal quotation marks and citations omitted); accord Evans v. Albany Cnty. Corr. Facility, No. 05-CV-1400, 2009 WL 1401645, at *9 (N.D.N.Y. May 14, 2009).

Here, even assuming, arguendo, that a seafood-free diet is medically indicated for Plaintiff due to an allergy, Plaintiff cannot state a claim of deliberate indifference because, inter alia: (1) the alleged failure to provide him with an seafood-free diet has not resulted in a sufficiently serious condition as Plaintiff does not allege that he suffered any injuries; see, e.g., Porter v. Coombe, No. 97-CV-2394, 1999 WL 587896, at *3 (S.D.N.Y. Aug. 4, 1999) (finding the plaintiff's allergy to milk to be an insufficiently serious medical condition); Maurice v. N.Y.C. Dep't of Corr., No. 93-CV-6008, 1997 WL 431078, at *3 (S.D.N.Y. July 30, 1997) (finding that the plaintiff had not shown that he suffered from a sufficiently serious medical condition to implicate Eighth Amendment concerns where he alleged only that he suffered from stomach cramps and diarrhea as a result of eating a non-vegetarian meal), and (2) there are no factual allegations from which it may plausibly be inferred that the unidentified "medical staff" had a sufficiently culpable state of mind, particularly since Plaintiff acknowledges that the reason he received the non-restricted diet was because his allergy was simply not "put in the computer" at the

time he was admitted to NCCC (Compl. ¶ IV). See also Martinez v. Lape, No. 09-CV-665, 2011 WL 4527943, at *9 (N.D.N.Y. Mar. 28, 2011) (recommending dismissal of the plaintiff's Eighth Amendment claim where, inter alia, the plaintiff had not immediately informed prison staff that he was not receiving his prescribed dietary needs), adopted by, 2011 WL 4528980 (N.D.N.Y. Sept. 28, 2011).

At most, Plaintiff's allegations state a claim for "negligent oversight" by unidentified individuals which does not rise to the level of a constitutional violation. See, e.g., Evans, 2009 WL 1401645, at *11. Since Plaintiff cannot establish a "depriv[ation] of rights, privileges, or immunities secured by the Constitution or laws of the United States," Cornejo, 592 F.3d at 127, he cannot state a Section 1983 claim as a matter of law. Accordingly, any amendment to the Complaint would be futile and the Complaint is therefore DISMISSED in its entirety without prejudice. Plaintiff may pursue any valid claims he may have in state court. The Clerk of the Court is directed to close this case.

[Bottom of page intentionally left blank]

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED and his Complaint is sua sponte DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(ii) and 1915A(b)(1). The Clerk of the Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November 2, 2012
Central Islip, New York

14